# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

Hector Santiago,                           :
                                           :   Civil Action No. 09-1334
                 Petitioner,               :
                                           :   Criminal No. 08-478
        v.                                 :
                                           :   **Opinion**
United States of America,                  :
                                           :
                 Respondent.               :
_____ :

Rodriguez, J.

      This matter comes to the Court on a Petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 [1] filed by *pro se* Petitioner Hector Santiago ("Petitioner" or "Santiago") on March 23, 2009.  Respondent United States ("Respondent" or "Government") filed a Motion to Dismiss [4] on May 14, 2009.  In its motion, Respondent requests that all of Petitioner's claims be dismissed with the exception of the first claim that Petitioner's attorney refused his request for an appeal. To determine the validity of that first claim, Respondent requests a limited evidentiary hearing.  In his response brief [5], filed on June 8, 2009, Petitioner agrees an evidentiary hearing is necessary, but requests this Court hear all claims made in his Section 2255 Petition.  For the following reasons, a limited evidentiary hearing on the claim that Petitioner's attorney provided ineffective assistance by failing to file a notice of appeal is ordered.  The remaining claims do not require an evidentiary hearing and are dismissed.

# I.  Factual and Procedural Background

A. Prior to Sentencing Hearing

Petitioner Hector Santiago was identified by federal investigators as a participant in a conspiracy to distribute heroin in Camden, New Jersey.  (Resp't Br. p. 1.)  Members of the Camden High Intensity Drug Trafficking Area Task Force and Drug Enforcement Administration investigated the activities of Balentin Gonzalez from September 2006 to December 2006.  (Id.)  The investigators learned that Gonzalez supplied several individuals in Camden with heroin, including Santiago.  (Id.)  A federal criminal complaint was issued on September 14, 2007, and Santiago was arrested and appeared in federal court for an initial appearance on September 19, 2007.  (Resp't Br. p. 2; Pet'r Br. p. 2.)  Santiago's attorney, John O. Poindexter, Esq., filed a bail motion on September 25, 2007, and on September 26, 2007 Santiago was granted bail.  (Resp't Br. p. 2.)

Santiago and the Government reached a plea agreement on April 8, 2007.  (Pet'r Br. p. 2.)  In the plea agreement, Santiago acquiesced to plead guilty to a one count Information, which charged him with violating 21 U.S.C. § 846.  (Resp't Ex. 2 p. 1.)  Specifically, the Information charged that Santiago was engaged in a conspiracy from August 2006 to January 2007 to distribute and possess with the intent to distribute heroin, contrary to 21 U.S.C. §§ 841(a) and 841(b)(1)(C).  (Resp't Ex. 1.)  It was explained in the plea agreement that "the sentence to be imposed upon Hector Santiago is within the sole discretion of the sentencing judge . . ." who "may impose any reasonable sentence up to and including the statutory maximum term of imprisonment . . . ."  (Resp't Ex. 2 pp. 1-2.)  The plea agreement also informed Santiago he was exposed

to a "statutory maximum prison sentence of 20 years . . . ." (<u>Id.</u> at p. 1.)

Santiago pled guilty to the single count Information before this Court on July 9, 2008.  (Pet'r Br. p. 2.)  During the hearing, the Court engaged Santiago in the following colloquy:

> Q: Mr. Santiago, do you understand the outline that we just heard from the Government with respect to your plea agreement?
>
> A: Yes.
>
> Q: And you were able to review the plea agreement and you understand what's in it?
>
> A: Yes.
>
> Q: Now, is this agreement the complete agreement that you have with the Government?
>
> A: Yes.
>
> Q: All right.  The reason I ask that is that if I accept this agreement, you can't come back later and tell me that there's a promise or representation that's not being kept.  Because if I don't read it within the pages of your plea agreement dated April 8, 2008, for my purposes those agreements don't exist.  Do you understand?
>
> A: Yes.

(Resp't Ex. 3 pp. 11:14-25, 12:1-4.)

> Q:  Have any promises been made by the United States Attorney, your attorney or anyone else as to the sentence you would receive if the Court were to accept your plea of guilty?
>
> A:  No.
>
> Q:  And do you understand that if I accept your plea of guilty, I can impose on you any sentence that I deem appropriate, subject only to the way I'm limited to the laws of the United States?
>
> A:  Yes.

(Resp't Ex. 3 p. 12:13-21.)  Despite this testimony in open court, as well as the language contained in the application to enter a plea of guilty and the plea agreement, Santiago claims, for the first time in his Section 2255 petition, that his attorney promised his sentence would be within 70 to 87 months if he pled guilty.  (Pet'r Br. p. 18; Pet'r Ex. A ¶ 2-3.)  Santiago claims this promise of a sentence of no greater than 87 months induced him to accepting that specific plea agreement.  (See Pet'r Br. p. 21; Pet'r Ex. A ¶ 4, 6, 9.)

After the plea hearing, the Probation Department developed a presentence report ("PSR").  (Resp't Br. p. 10.)  Around September 15, 2008 the PSR was completed and a copy was mailed by the Probation Department to the Government, John Poindexter, and to Santiago's address.  (Id.)  The final version of the report was disclosed to the Court and the parties on October 3, 2008.  (Id.)

Santiago claims for the first time in his Section 2255 petition that Poindexter neither fully reviewed the PSR with him, nor did Poindexter allow Santiago to have a copy of the PSR to review for himself.  (Pet'r Ex. A ¶ 7.)  Santiago claims that Poindexter reviewed page 21 of the PSR with him on October 14, 2008, and told Santiago that he would not receive the career offender enhancement.  (Pet'r Ex. A ¶ 8.)  Specifically, Santiago contends Poindexter told him he would not receive a "career offender" sentencing enhancement because he had a "limited criminal record" and because the crimes he did commit were "not serious and were remote in time."  (Pet'r Ex. A ¶ 5.)

B. Sentencing Hearing

This Court held Santiago's sentencing hearing on October 14, 2008.  (Resp't Br. p. 4.)  At the beginning of the hearing, the following exchange occurred between the Court and Poindexter:

4

The Court:  Mr. Poindexter, you obviously had an opportunity to review the presentence report.  Do you have any additional comments which you may wish to make with respect to the calculations as they appear on Page 21 of the presentence report?

Mr. Poindexter:  Judge, I do.  I have reviewed it.  I've reviewed it with my client . . . I believe that . . . his [Santiago's] criminal history is somewhat overstated in that he only received a sentence of incarceration for one of his convictions, the others he received sentences of probation for, so I think it's a little bit overstated.  It would appear to be - - while he does - - he should suffer some penalty for having a criminal history, but what's been imposed  here is a little bit more than he should receive . . . Based on those factors, Judge, we would ask you to sentence him two points lower than what the presentence - - the sentencing memorandum calls for . . . I believe that he should receive an enhancement for his criminal history, Judge, but again, as I stated, I think it's somewhat overstated.

(Resp't Ex. 4 pp. 2:16-25, 3:1-15.)  Agreeing with Poindexter "that the Criminal History Category of VI may be overstated," the Court reduced the criminal history category by one level.  (Id. at p. 5:16-21.)

After the calculations of the presentence report were read into the record, (see id. at pp. 5:13-25, 6:1-23), the Court heard from Poindexter regarding sentencing (see id. at p. 7:1-9).  Poindexter requested the Court sentence Santiago toward the lower end of the suggested guidelines given his minimal role in the conspiracy and other considerations documented in the presentence report.  (Id.)  The Court then directly addressed Santiago, asking him, "do you have anything you wish to say?"  Santiago responded, "Yeah, I just want to apologize to my family, that's it, for putting them through all this. I'm sorry."  (Id. at p. 7:10-14.)

In his Section 2255 petition, Santiago claims there are incorrect factual inferences

contained in the PSR.  (See Pet'r Reply Br. § 10.)[1]  Specifically, Santiago disputes the PSR's description of the offense of retaliation against an informant/witness, which Santiago claims to have been an incident of "mutual combat."  (Id.)  Despite his contention that the PSR is flawed, Santiago did not use his opportunity to speak prior to his sentencing to clarify any aspect of his criminal record; instead, he apologize to his family.  (See Resp't Ex.4 p. 7:10-14.)  Santiago was sentenced to 160 months in prison. (Id. at p. 12:10-13.)  The Court also imposed a fine of $2,000 and an assessment of $100. (Id. at pp. 13:23-25, 14:12-14.)

C. After the Sentencing Hearing

Santiago claims in his Section 2255 petition that Poindexter refused his request to file a direct appeal of the sentence.  (Pet'r Br. p. 9.)  Santiago claims to have "insisted" on an appeal of the guilty plea and the sentence, but Poindexter allegedly refused to file the appeal because he did not believe there to be an issue worth appealing.  (Id.)  Santiago fired Poindexter as his attorney shortly after sentencing.  (Resp't Br. p. 5 n.2.)

Santiago hired Roland Jarvis, who filed notice of a motion to reconsider within the ten day period to do so.  (Id.)  Jarvis filed Santiago's brief in support of his motion to reconsider on November 19, 2008, and in the brief, Jarvis asserted that Santiago was not relinquishing his right to appeal.  (Id.)  This Court denied Santiago's motion to reconsider on March 31, 2009.  (Id.)  On March 23, eight days prior to the release of the Court's disposition of the motion to reconsider, Santiago filed a *pro se* Section 2255

---

[1] Petitioner's Reply Brief does not contain page numbers or continuous paragraph numbers.  The Petitioner numbered certain paragraphs, and the Court interprets these numbers as indications of a new section.

Petition.  (Resp't Br. p. 3.)

## II.  Standard of Review

Section 2255 of Title 28 of the United States Code provides federal prisoners a means to collaterally attack the validity of their sentence.  See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004); United States v. Bennafield, Nos. 05-12 E, 07-24 E, 2009 U.S. Dist. Lexis 39478, *5 (W.D. Pa. May 8, 2009) (citing United States v. Cannistraro, 734 F. Supp. 1110, 1119 (D.N.J. 1989) (Lechner, J.), aff'd, 919 F.2d 133, 919 F.2d 137 (3d Cir. 1990), cert. denied, 500 U.S. 916 (1991).   Section 2255 provides in pertinent part:

> A petitioner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  Relief is available under Section 2255 when the sentencing error amounts to "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Cleary, 46 F.3d 307, 311 (3d Cir. 1995) (quoting United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989), cert. denied, 496 U.S. 939 (1990)).

A fundamental defect of this sort may result from ineffective assistance of counsel.  The right to effective assistance of counsel is derived from the Sixth Amendment, which guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defense."  U.S. Const.

amend. VI.  In order to demonstrate ineffective assistance of counsel, a convicted

defendant must first show that the performance of counsel was somehow deficient.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  Deficiency is present when counsel

"made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment."  Id.  If deficiency is shown, a convicted defendant

must then show that the deficiency actually "prejudiced the defense."  Id.  The threshold

for determining whether the defendant was prejudiced is whether there is a "reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different."  Id. at 694. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome."  Id.

     If a defendant fails to show deficiency and prejudice, then "it cannot be said that

the conviction . . . resulted from a breakdown in the adversary process that renders the

result unreliable."  Id. at 687.  Notably, "[j]udicial scrutiny of counsel's performance

must be highly deferential."  Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005)

(quoting Strickland, 466 U.S. at 689).  This deference is afforded because "counsel is

strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at

690.

     A fundamental defect resulting in an omission inconsistent with the rudimentary

demands of fair procedure can also result, under certain circumstances, when a court

fails to follow the Federal Rules of Criminal Procedure.  See Peguero v. United States,

526 U.S. 23, 27 (1999) ("[A] court's failure to give defendant advice required by the

Federal Rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the court's error."). Collateral attacks based on a trial court's violations of the Federal Rules of Criminal Procedure are reviewed under the"cause and actual prejudice" standard so long as there were no contemporaneous objections or direct appeals. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) ("Frady's cause and prejudice standard applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed."); Carlin v. United States, 30 F. Supp. 2d 814, 818 (M.D. Pa. 1998) (noting that the Frady standard is applied when a Rule 32 violation is cognizable under Section 2255). In order to gain collateral relief, "a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168.

The District Court has the discretion to decide whether to order a hearing for a Section 2255 motion. United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). When deciding whether to hold a hearing, the Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." Id. (citing V.I. v. Forte, 856 F.2d 59, 62 (3d Cir. 1989)). Further, the court must order an evidentiary hearing when "the files and records of the case are inconclusive as to whether the movant is entitled to relief." Id. at 545-46 (quoting United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005)). This standard has been characterized by the Third Circuit as creating a "reasonably low threshold for habeas petitioners to meet." McCoy, 410 F.3d at 134 (quoting Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001)). Like

9

the decision to hold an evidentiary hearing, the "final disposition of a § 2255 motion lies with the discretion of the trial judge." Bennafield, 2009 U.S. Dist. LEXIS 39478, at *7 (citing V. I. v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985)).

## III.  Discussion

Petitioner largely contends in his Section 2255 Petition that his former attorney, John O. Poindexter, provided ineffective assistance at a level which violated the Sixth Amendment.  (See Pet'r Br. pp. 4-13, 18-32.)  Petitioner grounds his ineffective assistance of counsel claims on the following allegations:  (1) counsel failed to file notice of appeal despite requests to do so; (2) counsel "misinformed" Petitioner about a material element of his plea agreement; and (3) counsel's performance during the sentencing hearing was ineffective.  (See id. at pp. 8-9.)[2]  Separate from his claims of ineffective assistance of counsel, Petitioner contends this Court violated Rule 32 of the Federal Rules of Criminal Procedure, and as a result of this alleged violation, Petitioner's sentencing hearing was fundamentally unfair.  (See id. at pp. 13-18.)  Petitioner contends he is entitled to at least an evidentiary hearing on all of his claims.  (Pet'r Reply Br. § 4.)

Respondent agrees with Petitioner that an evidentiary hearing is required to determine whether counsel denied Petitioner's request to file notice of an appeal.  (See

_____

[2] Petitioner also alleges in his brief that "counsel was ineffective for failing to understand the application of the sentencing guidelines as they applied to petitioner, and not being familiar with the law and facts of the case." (Pet'r Br. pp. 8-9.) These claims are general and subsumed by the other claims made in the habeas petition. Passing reference to an issue in a brief is not sufficient to raise it before this Court. See Simmons v. City of Phila., 947 F.2d 1042, 1066 (3d Cir. 1991).

Resp't Br. pp. 5-7.)  Respondent opposes the notion that Petitioner's remaining claims require an evidentiary hearing, and Respondent instead contends that all remaining claims can be dismissed on the record.  (See id. at p. 23.)  Respondent specifically contends that this Court complied with Rule 32 of the Federal Rules of Criminal Procedure during the sentencing hearing.  (See id. at p. 9.)  Next, Respondent contends that Petitioner cannot demonstrate that counsel unlawfully prejudiced his decision making process because Petitioner was informed of the potential maximum sentence by this Court.  (See id. at pp. 12-13.) Finally, Respondent contends that Petitioner was adequately represented by counsel during the sentencing hearing because his counsel successfully argued that Petitioner's criminal history was over represented in the PSR. (See id. at p. 18.)  As these arguments either address the two-prong test of Strickland or the Third Circuit's interpretation of Rule 32 of the Federal Rules of Criminal Procedure, they are examined in turn.

A.  Ineffective Assistance of Counsel

Petitioner contends his counsel provided ineffective assistance, and he articulates three claims supporting this conclusion:  (1) counsel failed to file notice of appeal despite requests to do so; (2) counsel "misinformed" Petitioner about a material element of his plea agreement; and (3) counsel's performance during the sentencing hearing was ineffective.  In order to establish that defense counsel's ineffective performance rose to the level of a constitutional violation, petitioner must demonstrate both prongs of the Strickland test – that counsel's conduct was deficient and that this deficiency "actually prejudiced the defense."  Strickland, 466 U.S. at 687.  It is necessary to examine each

claim individually in order to determine whether Petitioner satisfies the two pronged Strickland test.

     1) Ineffectiveness of Counsel for Failure to File an Appeal

The Strickland test cannot be applied to Petitioner's claim that counsel disregarded his request to file an appeal because the record is inconclusive on the matter. The Constitution imposes a duty on defense counsel to "consult with the defendant about an appeal when there is reason to think . . . that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). The defendant has a successful ineffective assistance of counsel claim, entitling him to the right to appeal "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken . . . ." Id. at 484.

In an analogous case to this one, a convicted defendant requested the District Court hold an evidentiary hearing to determine whether he reasonably expressed to counsel his desire to file an appeal. See Solis v. United States, 252 F.3d 289, 294 (3d Cir. 2001). In reversing the District Court's refusal to hold an evidentiary hearing, the Third Circuit held that when a convicted defendant "alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on the issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor it." Id. at 295.

Like the record in Solis, this record is inconclusive as to whether Petitioner reasonably requested his counsel to file an appeal and whether counsel failed to honor

12

that request.  A limited evidentiary hearing is necessary in order to make findings of fact and law with respect to Petitioner's claim that counsel rejected his request to file notice of appeal.  Pursuant to Title 18, Section 3006A of the United States Code, counsel is appointed to ensure that Petitioner's rights are observed during the evidentiary hearing, so long as he is financially eligible.  The record is conclusive as to Petitioner's second and third ineffective assistance claims, so the scope of the evidentiary hearing is limited to whether Petitioner's counsel rejected a reasonable request to file an appeal.

2) Ineffectiveness of Counsel for Failure to Advise

Petitioner contends his counsel was deficient for providing incorrect information regarding a material element of the plea agreement.  (Pet'r Br. p. 18.)  Specifically, Petitioner alleges that counsel provided an incorrect prediction of the likely sentence.[3] (Id. at pp. 19-20.)  Petitioner contends he would not have assented to the plea agreement if his counsel provided correct estimates.  (Id. at pp. 21-22.)  Despite Petitioner's claims, the record unequivocally shows that Petitioner was not prejudiced by counsel's mistakes; thus Petitioner's allegations do not rise to the level of a constitutional violation.

When a defendant attacks the validity of a guilty plea, the court must determine whether "the plea represents a voluntary and intelligent choice among the alternative

---

[3] Petitioner also claims that his counsel advised him prior to the sentencing hearing that the originally predicted sentence of 70 to 87 months would be imposed, notwithstanding Petitioner's classification as a "career offender" in the PSR.  (Pet'r Br. p. 20.)  Aside from reinforcing Petitioner's claim that counsel made an inaccurate prediction, it is unclear how promises made prior to the sentencing hearing but after the plea hearing impacted Petitioner's decision to accept the plea agreement.

13

courses of action open to the defendant." <u>N.C. v. Alford</u>, 400 U.S. 25, 31 (1970). In order to demonstrate that the plea agreement was involuntarily and unintelligently made, Petitioner must satisfy the <u>Strickland</u> two pronged test. See <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). <u>Strickland</u> requires the defendant to "show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 57 (quoting <u>Strickland</u>, 466 U.S. at 694). In the context of a guilty plea, defendant must demonstrate that but for his counsel's errors, defendant would not have entered a guilty plea. <u>Hill</u>, 474 U.S. at 60. In <u>Hill</u>, the United States Supreme Court held that a defendant did not satisfy the prejudice prong of the <u>Strickland</u> test because he did not claim that correcting counsel's alleged mistake regarding his eligibility for parole would have affected his decision to plead guilty. <u>Id.</u>

Petitioner, like the defendant in <u>Hill</u>, does not contend that he would have opted for a trial if counsel provided a correct prediction of his likely sentence. Petitioner contends that if his counsel provided a correct prediction, then he "would have insisted on postponing the Court proceedings and having his counsel attempt to negotiate a more lenient plea proposal." (Pet'r Br. pp. 21-22.) Petitioner appears to assert that he was not coerced to plead guilty, but rather he was coerced to accept that particular plea agreement. Petitioner's claim of prejudice falls short of the level of prejudice required by <u>Hill</u> to rise to the level of a constitutional violation.

Even when Petitioner is provided the benefit of the doubt, and his briefs are construed to allege that he would have insisted on a different plea, Petitioner cannot demonstrate that his guilty plea was involuntarily and unintelligently made. The Third

Circuit has long upheld the general principle that an erroneous sentencing predication by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted.  See, e.g, United States v. Shedrick, 493 F.3d 292, 299 (3d Cir. 2007) (holding counsel was not ineffective for failing to notify defendant of a potential upward departure at sentencing because defendant was aware of the maximum sentence he was exposed to by pleading guilty); United States v. Jones, 336 F.3d 245, 254 (3d Cir. 2003) (holding that counsel was not ineffective for allegedly promising defendant a sentence of 71 months or less because defendant was advised by the court of the potential maximum sentence and that there were no other promises regarding sentencing); Masciola v. United States, 469 F.2d 1057, 1059 (3d Cir. 1972) (per curiam) (holding "[a]n erroneous prediction of a sentence by the defendant's counsel does not render a guilty plea involuntary" when the record demonstrates that the defendant acknowledged he was aware of his maximum potential sentence).

Although other persuasive bodies have a differing view as to what a defense attorney is expected to inform a defendant considering a guilty plea,[4] "all that the law requires is that the defendant be informed of his/her exposure in pleading guilty.  The law does not require that a defendant be given a reasonably accurate 'best guess' as to what his/her sentence will be . . . ."  United States v. Mustafa, 238 F.3d 485, 492 n.5 (3d Cir. 2001).  The defendant in Mustafa claimed his counsel made an incorrect prediction

---

[4] The American Bar Association holds the position that counsel advising a defendant who is considering a guilty plea should not only "inform the defendant of the maximum and minimum sentences that can be imposed, but counsel should also be aware of the actual sentence practices of the court and advise the defendant, when that is possible, what sentence is likely."  ABA Standards for Criminal Justice, Defense Function 4-5.1, commentary, p. 198 (3d ed. 1993).

of how the sentencing guidelines would be applied, causing defendant's guilty plea to be involuntary.  Id. at 491-491.  Despite this, the Third Circuit held that any confusion regarding the sentencing calculations were "dispelled when [defendant] was informed in open court that there were no guarantees as to sentence, and that the court could sentence him to the maximum."[5]  Id. at 492.

Petitioner claims his counsel "made promises off the record and those predictions failed to come true." (Pet'r Br. p. 22.)  Notably, counsel allegedly predicted that the likely sentence would be in the range of 70 to 87 months, a prediction that is grossly out of line with the 160 month sentence that Petitioner received.[6]  (See Pet'r Br. p. 20.)  Even

---

[5] Petitioner asserts this Court should hold an evidentiary hearing in light of the record because his allegations occurred outside of the record.  (See Pet'r Br. p. 31.) Petitioner cites Mayes v. Pickett in support of this contention, a case in which a split panel sitting in the Ninth Circuit found an evidentiary hearing was necessary because of off the record promises and threats allegedly made by defense counsel.  See Mayes v. Pickett, 537 F.2d 1080, 1082-84 (9th Cir. 1976).  But see United States v. Moore, 599 F.2d 310, 314 (9th Cir. 1979) (noting that in the context of a plea hearing, "[s]olemn declarations in open court carry a strong presumption of verity").  The facts in Mayes are notably distinguishable from those of the instant case:  the defendant in Mayes claimed counsel not only promised a significantly lower sentence than was actually imposed, but counsel also promised that defendant would be able to serve his sentence at a particular drug treatment facility and counsel insinuated he could improperly influence the sentencing judge.  Id.  at 1082.  Petitioner's argument utilizing Ninth Circuit precedent is unconvincing in light of the Third Circuit general rule that off the record promises are cured by the Rule 11 colloquy.  See Shedrick, 493 F.3d at 299.

[6] Petitioner submits that "counsel was so lacking in his representation that such ineffectiveness invites the application of 'Cronic', rather than Strickland." (Pet'r Reply Br. § 7.)  In Cronic, the Supreme Court found that defense counsel's performance as a whole violated the Sixth Amendment.  See United States v. Cronic, 466 U.S. 648, 666-67 (1984).  The Court held that specific errors at trial may point to unconstitutional ineffective assistance, and the method to test whether specific errors constitute ineffective assistance is the two pronged test from Strickland.  See id. at 666 n.41. Petitioner, like the defendant in Cronic, contends specific instances of ineffective assistance, and only the Strickland standard is appropriate.

if Petitioner's allegations were accepted as true, the comprehensive Rule 11 colloquy reflected in the record prevents Petitioner from establishing that he was unaware of the maximum sentence he was exposed to under the plea agreement.  At the plea hearing Petitioner testified in open court that he reviewed the plea agreement (Resp't Ex. 3 p. 11:17-19), that he understood that this Court could impose any sentence it deemed appropriate so long as the sentence did not exceed the statutory maximum of twenty years (id. at p. 12:17-21, 13:5-21), and Petitioner testified that no promises respecting his sentence were made by his attorney  (id. at p. 12:13-16).  During this colloquy, the Court informed Petitioner that any promises outside of the plea agreement do not exist for the purposes of sentencing.  (See id. at p. 12:1-3.)  Petitioner was also informed that "at this point it's impossible for anyone to say exactly where that range or sentence will be."  (Id. at p. 15:7-9.)  Any incorrect predictions Petitioner's counsel allegedly made were cured by the plea colloquy, where Petitioner was informed of the statutory maximum of twenty years.

        In addition to the Rule 11 colloquy at the plea hearing, Petitioner also signed the plea agreement, which advised him of the maximum sentence exposure of twenty years. (Resp't Ex. 2 p. 1.)  The application for permission to enter a plea of guilty that Petitioner signed also contained the maximum sentence of twenty years.  (Resp't Ex. 9 ¶ 23.)  Despite Petitioner's claim that he was not "adequately informed about the maximum penalties he faced if he entered a plea of guilty," the record shows that Petitioner was informed of the maximum sentence that his guilty plea exposed him to. It is unnecessary to determine in an evidentiary hearing whether Petitioner's attorney made predictions or promises pertaining to the likely sentence because the record

reflects that the Petitioner would not have been prejudiced by such conduct.

3) Ineffective Assistance for Failure to Represent Petitioner at the Sentencing
Hearing

Petitioner's third ineffective assistance of counsel claim stems from defense counsel's representation during the sentencing hearing. (See Pet'r Br. p. 23.) Petitioner concedes that he "fit the statutory requirement for the enhancement under 'Career Offender.'" (Pet'r Reply Br. § 10.) Petitioner primarily "argues that the Court based its failure to grant a greater downward departure on the fact that his counsel was ineffective in presenting sufficient mitigating factors pursuant to 18 U.S.C. §3553." (Id.) A clarification of the facts concerning Petitioner's fourth prior sentence enumerated in the PSR is the only mitigating factor Petitioner alleges his counsel should have raised during the sentencing hearing. (See Pet'r Reply Br. § 10; Resp't Ex. 8 ¶¶ 134-38.)

The two pronged Strickland test governs claims by convicted defendants of ineffective assistance of counsel during sentencing hearings.[7]  See Donaldson v. United

---

[7] Petitioner contends as an alternative to the Strickland test, the Court should apply standard described in United States v. Cronic.  (See Pet'r Br. p. 26.)  In Cronic, the Supreme Court noted that a defendant's Sixth Amendment right to effective counsel is violated when defense counsel is either absent or prevented from assisting defendant in critical stages of the proceedings.  See Cronic, 466 U.S. at 659 n.25.  The Court also reaffirmed the presumption of ineffective assistance of counsel when "the likelihood that any lawyer, even a fully competent one, could provide effective assistance" is small.  See id. at 659-60 (citing Powell v. Ala., 287 U.S. 45, 53 (1932) (noting a defense attorney with only six days to prepare for a highly publicized capital offense trial could not have had enough time to adequately prepare a defense).

Nothing in the instant case indicates that a presumption of ineffective assistance would be appropriate.  Petitioner's counsel argued and received a downward departure at the sentencing hearing.  (See Resp't Ex. 4 pp. 2:21-25, 3:1-25, 4:1-8.)  Petitioner's general disappointment with the result of the downward departure he received at sentencing does not mean that his counsel was unconstitutionally absent from his

States, 593 F. Supp. 2d 691, 694 (D. Del. 2009) (citing Strickland, 466 U.S. at 688, 694). The deficiency prong is satisfied when counsel's performance during a sentencing hearing falls below what is required for reasonable effective assistance.  See Strickland, 466 U.S. at 667.  Reasonableness in this context is judged "under prevailing professional norms." Id. at 668.  Convicted defendants must allege specific acts or omissions that cause counsel's assistance to be professionally incompetent.  See id. at 690.  Under the second prong of the Strickland test, Petitioner must demonstrate that counsel's performance was deficient and that there was a reasonable probability that, but for the counsel's deficient  errors, the result of the proceeding would have been different.  See id. at 694.  The only concrete allegation Petitioner raised in connection with his counsel's performance at the sentencing hearing fails to satisfy either prong of the Strickland test.

Petitioner's counsel was not deficient for failing to clarify the facts contained in paragraphs 134-138 of the PSR, even if Petitioner requested such a clarification.  As a matter of law, defense counsel is not unconstitutionally ineffective by failing to raise meritless claims.  See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) (noting that an attorney did not provide ineffective assistance when he failed to pursue a meritless strategy).  Petitioner claims his counsel was deficient for failing to clarify the facts contained in the PSR regarding Petitioner's conviction for retaliation against a witness; however, Petitioner does not allege any actual mitigating factors that would

_____

defense.

affect the Court's determination of his sentence.[8]  Petitioner's argument also runs counter to the federal policy that presumptively valid prior convictions, used for sentencing enhancements, cannot be collaterally attacked under Section 2255.  See generally Daniels v. United States, 532 U.S. 374 (2001) (holding that under the sentencing enhancements of the Armed Career Criminal Act, convicted defendants cannot collaterally attack prior convictions if the prior conviction is no longer open to direct or collateral appeal).

Petitioner has failed to demonstrate that his counsel's performance was deficient in light of the Third Circuit rule disfavoring meritless claims, and in light of the federal policy against collateral attacks on presumptively valid prior convictions.  An examination of the second prong of the Strickland test is unnecessary because Petitioner failed to show deficiency.  Nevertheless, an examination of the second prong of the Strickland test reveals that Petitioner would not have been prejudiced by any alleged deficient assistance by counsel.

Petitioner has failed to demonstrate there is a reasonable probability the outcome

---

[8] In his reply brief, Petitioner contends that the Court should have been provided with "accurate sentencing information" regarding his prior offense for retaliation of against informant/witness.  (Pet'r Reply Br. § 10.)  Petitioner elaborates that

> (t)he Court was under the belief that the petitioner had actually assaulted or retaliated against a witness, when in fact the truth was that the petitioner had 'mutual combat' fight with his wife's brother over a 'domestic argument' he had with his wife.  Had the Attorney corrected the District Courts assessment of this conviction, then the District Court may not have weighed such so heavy at the time of sentencing.

(Id. at § 10.)

Petitioner's description of the event as "mutual combat" over a "domestic issue" has a nominal mitigating effect when compared to the description provided by the Probation Department.  (See Resp't Ex. 8 ¶¶ 134-38.)

of the sentence would be different if counsel argued at the sentencing hearing that the previous arrest was the product of "mutual combat."  Another court sitting in this district similarly found that a convicted defendant was not prejudiced when his counsel omitted proper citations from his argument for a downward departure.  See Brown v. United States, 75 F. Supp. 2d 345, 351 (D.N.J. 1999) (Cooper, J.).  In Brown, the counsel in question failed to cite § 4A1.3 of the United States Sentencing Guidelines and the Third Circuit case of United States v. Shoupe.  Id.  The Brown court held that the "petitioner has not met his burden of demonstrating 'prejudice' . . . because he has not demonstrated that even if his attorney had articulated his motion for a downward departure under § 4A1.3 and *Shoupe III*, there is a reasonable probability that this Court would have granted the requested departure."  Id. at 352.

Like the defendant in Brown, Petitioner failed to demonstrate there is a reasonable probability that he would have received a different sentence if his counsel discussed his prior conviction for retaliation against a witness.  At the sentencing hearing, Petitioner's counsel argued that the criminal history was overstated, and he requested that this Court lower the total offense level by two points.  (See Resp't Ex. 4 pp. 2:21-25, 3:1-25, 4:1-8.)  The Court considered counsel's argument, and lowered Petitioner's criminal history to a category V from a category VI.  (Id. at p. 5:13-25.)  The Court carefully considered all relevant factors when deciding to lower the criminal history category, and counsel's argument as to the "true nature" of Petitioner's encounter with his brother-in-law would have had no further influence on this Court.

Simply put, Petitioner cannot satisfy the second prong of the Strickland test.

21

Even if Petitioner's counsel was deficient during the sentencing hearing for failing to object to the facts in the PSR, which this Court found he was not, Petitioner has not shown that he was prejudiced.  Therefore, Petitioner's claims of ineffective assistance of counsel arising from the sentencing hearing are denied.

B.  Federal Rule of Criminal Procedure 32

Aside from claiming ineffective assistance of counsel in his Section 2255 Petition, Santiago also alleges this Court failed to comply with Rule 32 of the Federal Rules of Criminal Procedure.  Petitioner contends he should be granted Section 2255 relief as a result of this failure.  (See Pet'r Br. pp. 13-18.)  Santiago's claim that Rule 32 was violated is twofold.  First, Petitioner claims the PSR was made available to him less than 35 days before the sentencing, in violation of the minimum notice requirement.  (Id. at pp. 13-14.)  Second, Petitioner claims this Court violated Rule 32 by failing to engage Petitioner in colloquy regarding his level of familiarity with the PSR.  (See id. at p. 14.)  Petitioner claims these violations of Rule 32 denied him the opportunity to present mitigating circumstances.  (See id. at p. 16.)

Even when Petitioner's *pro se* motion is read in the most favorable light, his contention that this Court violated Rule 32 is not valid.  The record unambiguously reflects that Rule 32 was followed, and Petitioner's claims therefore fall outside the category of cases where a violation of the Federal Rules of Criminal Procedure can result in a denial of the rudimentary demands of fair procedure as to warrant collateral relief under 28 U.S.C. 2255.  See Peguero, 526 U.S. at 27.  It is unnecessary to analyze Petitioner's claims under the cause and actual prejudice standard because the record

demonstrates that Rule 32 was not violated, but if this standard was applied, Petitioner would not be entitled to relief because he fails to show actual prejudice. See Carlin, 30 F. Supp. 2d at 816.

Concerning Petitioner's first contention that this Court violated Rule 32, the record shows Petitioner waived the minimum notice period required under Rule 32. The Federal Rules of Criminal Procedure provide defendants with a minimum period of time in which to review their presentence report prior to the sentencing hearing. See Fed. R. Crim. P. 32. Rule 32 of the Federal Rules of Criminal Procedure specifically stipulates that "[t]he probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before the sentencing unless the defendant waives that minimum period." Fed. R. Crim. P. 32(e). In deciding what constitutes a waiver, several circuits have held that the minimum period of notice requirement is waived when the defendant participates in the sentencing hearing without objection. See United States v. Jones, 80 F.3d 436, 438 (10th Cir. 1996); United States v. Navejar, 963 F.2d 732, 734-35 (5th Cir. 1992); United States v. Knorr, 942 F.2d 1217, 1221 (7th Cir. 1991); United States v. Turner, 898 F.2d 705, 714 (9th Cir.) cert. denied, 495 U.S. 962 (1990); see also Padilla v. United States, No. 90-276-02, 1996 WL 557520 (E.D. Pa. Sept. 6, 1996) (recognizing that "[n]umerous courts have concluded that a defendant's failure to object to a lesser time period for review of the presentence report constitutes a waiver.").

The first draft of the PSR was mailed to Petitioner's counsel as well as to Petitioner's address approximately twenty-nine days before the sentencing hearing.

23

(Resp't Br. p. 10.)  The final version of the PSR was disclosed to the parties approximately eleven days before the sentencing hearing.  (Id.)  It is undisputed that the final version of the PSR was disclosed within the seven days required by Rule 32(g). Petitioner nevertheless indicates that there was a per se violation of Rule 32 because the probation department disclosed the first draft outside of the mandatory minimum period of notice required by Rule 32(e).  However, providing less time to review the PSR then is required in Rule 32 is not a violation when the defendant waives the minimum period of required notice, and Petitioner waived that period of minimum notice in this case by appearing at the sentencing hearing without objection.

Petitioner also claims that Rule 32 was violated because this Court failed to address him personally when verifying that he reviewed the PSR with his attorney. Despite Petitioner's contentions, Rule 32 was not violated because it was functionally fulfilled.  Rule 32 of the Federal Rules of Criminal Procedure contains in relevant part:

(i)  Sentencing.
  (1) *In General*, At sentencing, the court:
    (A) must verify the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report;

* * *

    (C) must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence;

* * *

  (4) *Opportunity to Speak.*
    (A) By a Party. Before imposing sentence, the court must:
      (i) provide the defendant's attorney an opportunity to speak on the defendant's behalf;
      (ii) address the defendant personally in order to permit the defendant

24

to speak or present any information to mitigate the sentence.

Fed. R. Crim. P. 32(i).

In interpreting the verification requirement, the Third Circuit has "declined to interpret Rule 32 as creating 'an absolute requirement that the court personally ask the defendant if he has had the opportunity to read the report and discuss it with counsel.'" United States v. Stevens, 223 F.3d 239, 241 (3d Cir. 2000) (quoting United States v. Mays, 798 F.2d 78, 80 (3d Cir. 1986)).  Requiring the court to personally address the defendant when verifying that he reviewed the PSR would conflict with Rule 32(i) which requires the Court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence" See Mays, 798 F.2d at 80; Fed. R. Crim. P. 32(i)(4)(A).  Instead of requiring a colloquy between the court and the defendant, the Third Circuit outlined a more functional fulfillment of this aspect of Rule 32.  See Stevens, 223 F.3d at 241.  In order to satisfy this component of Rule 32, the district court is only required to somehow verify that the defendant has had the opportunity to review the PSR and discuss it with counsel.  See Mays, 798 F.2d 78, 80.

The Third Circuit found just mentioning the presentence report during the sentencing hearing is not enough to satisfy the mandate in Rule 32 that the court verify the defendant read and discussed the PSR with his attorney.  Stevens, 223 F.3d at 242.  Nevertheless, when applying the harmless error standard, the Third Circuit found that failing to verify that the defendant reviewed the PSR does not "constitute a structural defect in the sentencing process." Id. at 246; see also Rolon v. United States, No. 01-583, 2006 WL 2417275 *6-7 (D.N.J. Aug. 21, 2006) (Walls, J.) (finding that counsel's

filing of a memorandum and arguments during the sentencing hearing contending that the defendant's criminal history had been over-represented in the PSR is evidence that the defendant reviewed the PSR before entering prison).

Petitioner admits in his affidavit to having reviewed part of the PSR with his counsel prior to the sentencing, (Pet'r Ex. A. ¶ 8), but he contends not being able to review the PSR in its entirety was a miscarriage of justice (see Pet'r Br. p. 13). Petitioner claims that he would have introduced evidence to place one of his prior offenses in the proper context. (See id. at p. 16.) Specifically, Petitioner alleges he would have introduced mitigating factors regarding his incident of "mutual combat" with his brother-in-law. (See Pet'r Reply Br. § 10.) The record does not support Petitioner's contentions; rather, the record shows that this Court complied with Rule 32's verification requirement.

At the sentencing hearing, defense counsel represented to having reviewed the PSR with Petitioner. (See Resp't Ex. 4 p. 2:16-22.) When he had the opportunity to speak, Petitioner did not object to counsel's statement that he reviewed the PSR with him. (See id. at p. 7:10-14.) During the sentencing hearing, defense counsel also argued that Petitioner's criminal history was overstated, (see id. at pp. 2:21-25, 3:1-25, 4:1-8.), further evidence that Petitioner's counsel reviewed the PSR with him. The evidence on the record, taken as a whole, indicates that this Court functionally verified that Petitioner reviewed the PSR with counsel prior to the sentencing hearing. Petitioner's claim that collateral relief is required on grounds that this Court violated Rule 32 is dismissed and no evidentiary hearing is necessary because the record unambiguously

26

demonstrates that this Court was in compliance with Rule 32.

Even if this Court violated Rule 32, Petitioner's contention that these errors resulted in actual prejudice is insufficient to justify Section 2255 relief.  The actual prejudice prong requires that Petitioner demonstrate that the Court's alleged violation of Rule 32 resulted in Petitioner experiencing an "actual and substantial disadvantage." United States v. Mannino, 212 F.3d 835, 845 (3d Cir. 2000) (quoting Frady, 456 U.S. at 170).  Regarding the first alleged violation, Petitioner claims that Rule 32(e) is in place to "ensure that defendant and his counsel have read the 'PSR' and have discussed it before sentencing," but Petitioner does not elaborate on how the sentencing hearing would have been impacted if Petitioner had six more days to review the PSR.  (Pet'r Br. p. 14.)  As far as the second alleged violation is concerned, Petitioner contends that if he was given the opportunity he would have clarified the circumstances surrounding his prior arrest for retaliation against a witness.  (See Pet'r Reply Br. § 10.)  However, this Court would not have been compelled to consider a lower sentence had Petitioner raised his contention that he had actually been engaged in "mutual combat" with his brother-in-law.  Therefore, even if either of Petitioner's claims that this Court violated Rule 32 were successful, this Court cannot grant Section 2255 relief because Petitioner does not demonstrate actual prejudice.

## IV. Conclusion

For the foregoing reasons, all claims – except for the claim of ineffective assistance of counsel for failure to file notice of appeal – made by Petitioner Hector Santiago in his petition under 28 U.S.C. § 2255 are dismissed.  Petitioner failed to allege

how counsel's misleading predictions and performance during the sentencing hearing resulted in a fundamental defect in the sentencing procedure.  Additionally, Petitioner failed to allege a violation of Rule 32 of the Federal Rules of Criminal Procedure committed by this Court.  Petitioner is entitled to an evidentiary hearing in which his former attorney, John O. Poindexter, will testify as to whether he received a request by Petitioner to file notice of appeal.  Poindexter shall testify and release confidential information only to the extent required to resolve the remaining question of whether he rejected a reasonable request by Petitioner to file a notice of appeal.  So long as Petitioner is financially eligible, counsel shall be appointed pursuant to 18 U.S.C. § 3006A to assist Petitioner with the evidentiary hearing.

Dated: July 30, 2009

_____   /s/ Joseph H. Rodriguez_____

JOSEPH H. RODRIGUEZ
U.S.D.J.